IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**RICHARD JACKSON**                                                                           **PETITIONER**

VS.                                    **CASE NO. 5:14CV00308 KGB/PSH**

**WENDY KELLEY, Director of the**
**Arkansas Department of Correction**                          **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDATION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

Petitioner Richard Jackson ("Jackson") seeks a writ of habeas corpus pursuant to 28 U.S.C. §2254. Jackson is currently in the custody of the Arkansas Department of Correction (ADC) after pleading guilty in the Circuit Court of Clark County to the charges of robbery, kidnapping, and two counts of felony theft of property. A jury was empaneled to impose sentences. At sentencing, he was deemed an habitual offender, and sentenced to 40 years for robbery, 20 years for kidnapping, and 15 years each for the two theft of property convictions. The sentences were ordered to be served

consecutively. On direct appeal[1], Jackson's attorney filed a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Jackson, proceeding *pro se*, alleged eight grounds for relief (six instances of alleged ineffective assistance of counsel, and two alleged errors by the trial court). The Arkansas Court of Appeals found the appeal to be without merit. *Jackson v. State*, 2013 Ark.App. 689 (case remanded to correct clerical errors in the sentencing order). Jackson next sought relief pursuant to Rule 37 in state court, advancing the following claims: (1) he was denied the effective assistance of counsel because his attorney misled him into pleading guilty without the benefit of an Act 3 exam and without informing him of the consequences of his plea; (2) he was denied due process because he was entitled to an Act 3 exam; (3) he was denied effective assistance of counsel because he was misled by his attorney, and Jackson is illiterate and has diminished capacity; and (4) he is mentally incompetent. The trial court denied relief on January 22, 2014. The petitioner did not appeal the trial court's ruling. In June of 2014, Jackson filed a petition for habeas corpus in the Circuit Court of Clark County. The petition challenged the validity of the arrest warrant issued in his case, contending the warrant lacked a notary seal and signature. On June 11, 2014, relief was summarily denied. Jackson failed to submit an appeal brief to the Arkansas Supreme Court, which resulted in the dismissal of his appeal on January 29, 2015.

    In his federal habeas corpus petition Jackson claims:

(1) the trial court denied his due process rights on direct appeal when he was required to proceed *pro se* without being provided a copy of the record;

(2) he received ineffective assistance of trial counsel when his attorney:

    (a) failed to adequately investigate and interview witnesses,

    (b) failed to make inquiries regarding Jackson's IQ and reasoning functions,

    (c) failed to support the suppression motion, and

---

[1]Typically, the entry of a guilty plea in Arkansas means that no direct appeal is available. However, an appeal is available if the appeal raises only an issue of sentencing and requires no review of the plea itself. *See Ark. R. App. P. 1(a); Bailey v. State*, 348 Ark. 524 (2002); and *Johnson v. State*, 2010 Ark. 63.

  (d) failed to use Jackson's confession and aid to the police as a mitigating factor in his defense during sentencing;

(3) he was denied the effective assistance of appellate counsel when his attorney:

  (a) failed to review the record,

  (b) filed an *Anders* brief, and

  (c) failed to argue Jackson's confession was coerced and his sentence was cruel and unusual; and

(4) his confession was coerced.

**Procedural Default:** Respondent Wendy Kelley ("Kelley") contends that claims 1, 2, and 3 are not properly before this Court due to the petitioner's failure to adequately raise the claims in state court, as required by *Wainwright v. Sykes*, 433 U.S. 72 (1977), and its progeny. Specifically, Kelley contends that Jackson failed to raise these claims on direct appeal and in his Rule 37 proceedings. By Order of the Court dated August 18, 2015, Jackson was notified of his opportunity to explain why these claims should not be dismissed as procedurally barred. Jackson filed a responsive pleading. *See docket entry no. 21*. We first consider if these claims are procedurally barred, and then address the merits of claims before the Court.

In *Wainwright v. Sykes, supra*, the United States Supreme Court held that a federal court should not reach the merits of a litigant's habeas corpus allegation if he has procedurally defaulted in raising that claim in state court: that is, if he was aware of the ground, but failed to pursue it to a final determination. The exception created by the Supreme Court permits such an allegation to be addressed if the litigant can establish "cause" for his failure to assert the known ground and "prejudice" resulting from that failure. *See, also, Clark v. Wood*, 823 F.2d l24l, l250-5l (8th Cir. l987); *Messimer v. Lockhart*, 822 F.2d 43, 45 (8th Cir. l987). The *Wainwright v. Sykes* cause and prejudice test was clarified by two subsequent Supreme Court decisions, *Smith v. Murray*, 477 U.S. 527 (l986), and *Murray v. Carrier*, 477 U.S. 478 (l986).

With respect to cause, these cases explain that the Court has "declined in the past to essay

a comprehensive catalog of the circumstances that [will] justify a finding of cause." *Smith v. Murray*, 477 U.S. 533-34.  However, one can discern from these cases several circumstances in which cause might be found:  first, where some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules, *see Murray v. Carrier*, 477 U.S. at 488; second, where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, *see Reed v. Ross*, 468 U.S. 1 (l984); or third, if the litigant failed to receive the effective assistance of counsel.  *See Murray v. Carrier*, 477 U.S. at 488.  In addition, there is one extraordinary circumstance where a federal habeas court may grant relief without a showing of cause:  where a constitutional violation has probably resulted in the conviction of one who is actually innocent.  *Id.* at 496.

In response to the Court's August 18 Order, Jackson does not dispute that claims 1, 2, and 3 were not adequately raised in state court.  Instead, he contends the claims should be considered because:  (1) a miscarriage of justice would occur if the merits of his claims are not addressed; (2) he failed to raise the claims in state court because he is illiterate and with diminished capacity; (3) he must rely on jailhouse lawyers, who failed to raise claims 1, 2, and 3 in state court; and (4) he is actually innocent and "will present substantial evidence to support this assertion."  *Docket entry no. 21, page 2.*

The assertion of a miscarriage of justice, without factual support, is inadequate to overcome the procedural bar erected from failing to advance claims in state court.  Clearly a miscarriage of justice would occur if a petitioner were actually innocent, an assertion which we will address.  However, the mere allegation of a miscarriage of justice fails as a basis for overcoming the procedural barrier in this case.

Jackson's second and third reasons are related, in that his alleged illiteracy and diminished capacity (reason 2) resulted in his reliance on jailhouse lawyers (reason 3).  The Eighth Circuit Court of Appeals has previously considered whether *pro se* status and lack of education demonstrated adequate cause.  In *Smittie v. Lockhart*, 843 F.2d 295 (8th Cir. l988), the court stated:

4

> We consider whether his pro se status and ninth grade education are adequate cause.  The exhaustion requirement is based on principles of comity and federalism and provides state courts the initial opportunity to review all claims of constitutional error.  *See Rose v. Lundy*, 455 U.S. 509, 518-19, 102 S. Ct. 1198, 1203-04, 71 L.Ed.2d 379 (1982).  These considerations would be undermined impermissibly by allowing prisoners who allege procedural ignorance to escape state review of their claims.  Smittie's pro se status and educational background are not sufficient cause for failing to pursue state-court remedies.  *See United States v. Ragen*, 231 F.2d 312 (7th Cir. 1956).

843 F.2d at 298.  *See also Vasquez v. Lockhart*, 867 F.2d 1056, 1058 (8th Cir. 1988) (*pro se* status and lack of familiarity with the English language and American court system did not constitute cause for procedural default) and *Cornman v. Armontrout*, 959 F2d 727, 729 (8th Cir. 1992) (requirement to show cause is not lessened by below average intelligence, lack of legal training, or *pro se* status).  Our consideration in this case must be whether the petitioner's situation is sufficiently different from that in *Smittie*, *Vasquez*, and *Cornman* to find cause.  Jackson submitted a 2012 report of testing, which indicates he struggles with both math and reading.  *See Docket entry no. 21, page 4.*  This summary, however, fails to distinguish Jackson from the cited cases.  Therefore, he does not establish cause for the procedural lapse in state court.

The fourth reason cited by Jackson to overcome the procedural bar is his actual innocence.  He proposes to support his innocence with substantial evidence to be presented at a later date.  This promise of evidence is not, however, sufficient to show actual innocence.  The Supreme Court guides us in addressing the innocence claim:

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial.  Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

*Schlup v. Delo*, 513 U.S. 298, 324 (1995).  The Court goes on to set the standard required of Jackson; he "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  513 U.S. at 327.  The promise of evidence to come falls short of new, reliable evidence of innocence.  In addition, the high bar of establishing actual innocence is heightened when, as here, Jackson entered guilty pleas to the charges.  There is no

showing of actual innocence as envisioned by the *Schlup* decision.

In summary, claims 1, 2, and 3 were not fully raised and pursued in state court. As a result, Jackson bears the burden of demonstrating cause and prejudice for the failure to pursue the claims in state court. He fails to show either cause for, or prejudice from, the failure to adequately press the claims in state court. As a result, we recommend claims 1, 2, and 3 be dismissed as procedurally barred.

**Merits of Claims 2(a), (b), (c), and 4:** Even if we were to assume no procedural barrier[2] to any of the claims of Jackson, he cannot prevail. The entry of guilty pleas forecloses many of Jackson's claims.

> [a] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Jackson, who was originally charged with attempted capital murder and aggravated robbery, entered a plea of guilty to robbery, kidnapping, and two counts of theft after a jury had been selected for his trial. The record reflects Jackson indicated he wished to plead guilty but initially failed to provide a factual basis for the trial court to accept the pleas. (Transcript ("Tr."), page 156). After a break in the proceedings, Jackson admitted he and his brother tied up the victim, Danny Buck ("Buck"), left with stolen items and divided up the proceeds. At the sentencing phase, Buck testified in more detail, stating Jackson appeared at his door asking for help in locating a Ford starter in Buck's junkyard. Jackson steered Buck toward a remote area of the junkyard where Jackson's brother was in hiding. Buck was knocked to the ground, his face was pushed into scrap iron, he was tied up, and a gun was placed to his head and the trigger pulled twice. The gun either misfired or did not contain ammunition. (Tr.

---

[2] In *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S.Ct. 1913 (2013), the United States Supreme Court found there are instances where the procedural default may be overcome. In addressing the merits, we generously assume no procedural barrier exists in this case.

174-176). The Jackson brothers took Buck's phone and billfold, leaving him tied up on the ground. The prosecution introduced evidence of Jackson's sixteen prior felony convictions.

As set out above, a plea of guilty waives all nonjurisdictional defects. *See also Thundershield v. Solem*, 565 F.2d 1018, 1026 (8th Cir. 1977). Jackson is barred from challenging the claims of error prior to the entry of the guilty pleas. Claims 2(a), (b), (c), and 4 relate to events prior to the entry of the pleas. We recommend dismissal of these claims as waived by Jackson's guilty pleas.

**Merits of Claims 1, 2(d), 3(a), (b), and (c):**

*Claim 1:* Jackson's claim 1 alleges he was denied due process on direct appeal when he was required to proceed *pro se* without being provided a copy of the record.

> In order to establish a denial of due process, the petitioner must prove that the asserted error was so gross, *Taylor v. Minnesota*, 466 F.2d 1119, 1121 (8th Cir. 1972), *cert. denied*, 410 U.S. 956 (1973), conspicuously prejudicial, *United States ex rel. Cannon v. Maroney*, 373 F.2d 908, 910 (3rd Cir. 1967), or otherwise of such magnitude that it fatally infected the trial and failed to afford the petitioner the fundamental fairness which is the essence of due process. *Lisenba v. California*, 314 U.S. 219 (1941). In making this determination, the courts must review the totality of the facts in the case pending before them and analyze the fairness of the particular trial under consideration.

*Maggitt v. Wyrick*, 533 F.2d 383 (8th Cir. 1976). See also *Kennedy v. Kemma*, 666 F.3d 472, 481 (8th Cir. 2012). The already demanding burden of showing an error "so gross" and "conspicuously prejudicial" is even more difficult when Jackson admitted his guilt. As we see it, Jackson must prove the state court error was so great that the result of the proceedings would have been different. He falls short of showing his appeal would have ended differently had he been provided a copy of the record. In addition, he proceeded *pro se* on appeal because his attorney filed an *Anders* brief indicating there was no merit in the appeal. Jackson cites no circumstance, with or without legal representation, where his appeal would have been successful. There is no merit to claim 1.

*Claim 2(d):* Jackson alleges his trial counsel was ineffective for failing to use Jackson's confession and aid to the police as a mitigating factor in his defense during sentencing. The flaw

in this argument is that trial counsel actually made the requested argument to the jury during the sentencing phase.

> Jackson's trial counsel: We went from a full-blown jury trial that was gonna last two (2) days, to having one (1) witness. . . And some of that can be attributed to my client, Mr. Jackson. . . ultimately I don't believe there would've been anyone charged, and Mr. Buck never would have known who committed this act against him if my client hadn't spoken to the police, and gave a full confession. He stood up and did that. . . But the one person we do know that did step up and admit his responsibility in this case is Richard Jackson.
> And the reason why we're almost done today is because Richard was willing to admit his responsibility and take a plea today. Didn't have to put Mr. Buck through a cross-examination.

(Tr. 229-230).

In order to prove ineffective assistance of counsel, petitioner must prove that (l) his attorney's actions were unreasonable when viewed in the totality of the circumstances; and (2) he was prejudiced because there is a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 688 (l983); *Ryder v. Morris*, 752 F.2d 327, 33l (8th Cir. l985). Jackson fails at the onset of the *Strickland* analysis when he complains his attorney failed to act a certain way when the transcript shows otherwise. Counsel cannot be faulted for making the very argument[3] now cited by Jackson as a basis for ineffective assistance of counsel. This claim is without merit.

*Claims 3(a), (b), and (c):* Jackson faults his appellate attorney, alleging three instances of ineffective assistance of counsel: failure to review the record, error in filing an *Anders* brief, and failure to argue Jackson's confession was coerced and his sentence was cruel and unusual. Jackson also suggests that he attempted to withdraw his guilty plea, and he may be faulting his appellate attorney for failing to pursue this claim. Jackson does not cite the Court to evidence of an attempted

---

[3]While Jackson may admire the argument that he was entitled to credit for confessing and aiding the police in solving the crime, the force of the argument was likely lessened by the passing of eighteen months from the crime until Jackson offered his assistance. The prosecutor noted this fact in responding to the closing argument of Jackson's counsel. (Tr. 236). The prosecutor stated: "He didn't confess for eighteen (18) months. It took these guys [the police] eighteen (18) months to catch him. He confessed when they got him. But he wasn't coming down here and knocking on the door telling the Sheriff, 'Hey, here I am; I'm the one that did it.'" (tr. 236).

withdrawal of his pleas, and the record does not reflect a motion to this effect. All of the claims of ineffective assistance of appellate counsel fail. In order to show counsel was ineffective, Jackson must demonstrate his attorney erred and that the outcome of the proceedings would have been different but for the attorney's behavior. In the context of a guilty plea, Jackson must "establish that but for his counsel's actions or inactions he would not have pleaded guilty and gone to trial." *Smith v. Lockhart*, 921 F.2d 154, 156 (8th Cir. 1990). Even liberally construing his petition to include additional claims against his attorney, Jackson fails to demonstrate any particular act or omission of his attorney that would have made a difference. Jackson no doubt was disappointed with the sentences imposed by the jury, and with the imposition of the terms consecutively. However, with sixteen prior felony convictions and being charged with attempted capital murder and aggravated robbery, pleading guilty to lesser charges was a reasonable course of action. Under the circumstances, we find no fault with Jackson's appellate counsel, and we find no prejudice accrued to Jackson due to his attorney.

**Summary:** Jackson failed to adequately raise claims 1, 2, and 3 in state court. As a result, we recommend these claims be dismissed due to procedural default. In the alternative, there is no merit to the any of the claims. Jackson's entry of a guilty plea precludes consideration of claims 2(a), (b), (c), and 4, and he falls far short of demonstrating he received ineffective assistance of counsel from the attorney he employed for his trial and direct appeal. And with all his claims of ineffective assistance of counsel, Jackson does not show the prejudice required under the *Strickland* formula.

As a result, we recommend the petition be dismissed with prejudice and the relief requested be denied.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has

made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this 9th day of October, 2015.

_____
UNITED STATES MAGISTRATE JUDGE