IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RICHARD JACKSON                                                          PETITIONER

v.                          Case No. 5:14-cv-00308 KGB/PSH

WENDY KELLEY, Director of the
Arkansas Department of Correction                                        RESPONDENT

## ORDER

This Court has received the Proposed Findings and Recommendation ("Recommendation") filed by Magistrate Judge Patricia Harris (Dkt. No. 23). Mr. Jackson has filed an objection to the Recommendation (Dkt. No. 24). In addition to his objections, Mr. Jackson has filed a Letter of Judicial Notice and provided the Court with copies of certain cases he relies on in his objections (Dkt. No. 25). After carefully considering the objections and making a *de novo* review of the record in this case, the Court adopts the Recommendation in its entirety. The Court writes separately to address Mr. Jackson's objections.

In his objections, Mr. Jackson contends that Judge Harris erred in concluding that three of his claims—identified as claims 1, 2, and 3—were not adequately raised in state court and are procedurally barred. According to Mr. Jackson, his claims are not procedurally barred because (1) some factor external to the defense impeded counsel's efforts to comply with the State's procedural rules; (2) his constitutional claim is so novel that its basis was not reasonably available to counsel; and (3) the constitutional violation resulted in conviction of one who is actually innocent. Mr. Jackson maintains that the reason the record before the Court is inadequate is because he "did not know how to avail himself of the proper claims, grounds, and issues in order to gain the relief relevant to his manifest case" (Dkt. No. 24, at 8). He contends that he did not receive effective assistance of counsel at the trial and/or appellate stages and that

the inadequate assistance of counsel at the initial review collateral proceeding establishes cause for his procedural default of his claims. Finally, Mr. Jackson contends that post plea contentions that are not wholly incredible should not be summarily dismissed.

First, this Court notes the Recommendation addressed each of the three reasons Mr. Jackson presents for not raising claims 1, 2, and 3 in state court. This Court adopts that analysis in its entirety. In his objections, Mr. Jackson cites to *Smith v. Murray*, 477 U.S. 527 (1986), *Reed v. Ross*, 468 U.S. 1 (1984), and *Blackledge v. Allison*, 431 U.S. 63 (1977), as his primary sources of support. Each of these cases is distinguishable from his.

In *Murray*, the Supreme Court of the United States granted *certiorari* for the purpose of deciding whether and, if so, under what circumstances, a prosecutor may elicit testimony from a mental health professional concerning the content of an interview conducted to explore the possibility of presenting psychiatric defenses at trial. 477 U.S. at 528. The Court never reached that question, however, because it determined that the petitioner defaulted his underlying constitutional claim by failing to press it before the Virginia Supreme Court on direct appeal. *Id*. at 529. While the Court declined to essay a comprehensive catalog of the circumstances that would justify a finding of cause sufficient to excuse a procedural default, the Court determined that "a deliberate, tactical decision not to pursue a particular claim is the very antithesis of the kind of circumstance that would warrant excusing a defendant's failure to adhere to a State's legitimate rules for the fair and orderly disposition of its criminal cases." *Id*. at 533–34. The Court further determined that a "State's subsequent acceptance of an argument deliberately abandoned on direct appeal is irrelevant to the question whether the default should be excused on federal habeas." *Id*. at 534. Here, Mr. Jackson maintains that he was not provided with a copy of the record from his guilty plea and sentencing and, therefore, was unable to prepare properly

his appeal after appointed counsel elected to file an *Anders* brief. Mr. Jackson filed a copy of the *Anders* brief with his petition for habeas corpus (Dkt. No. 3). That brief reveals that his appointed counsel made a deliberate, tactical decision not to pursue any issues on appeal. Specifically, counsel stated that he had thoroughly reviewed the record but found no errors that would support an appeal. The brief and abstract reveal that the record of Mr. Jackson's guilty plea and sentencing hearing was available to Mr. Jackson's counsel during the direct appeal. Mr. Jackson's conclusory statement that there was a factor external to him that impeded his appeal is not sufficient to show that his counsel made anything other than a deliberate, tactical decision that is the antithesis of the kind of circumstance that would warrant excusing his failure to adhere to a State's legitimate rules.

In *Reed*, the Court identified three situations in which a new constitutional rule, representing a clear break with the past, might emerge and thereby permit a petitioner to bring a claim that is otherwise procedurally barred:

> First, a decision of the Court may explicitly overrule precedent. Second, a decision may overturn a longstanding and widespread practice to which the Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved. And, finally, a decision may disapprove a practice that was arguably sanctioned in prior cases. When a case falling into one of the first two categories is given retroactive application, there will almost certainly have been no reasonable basis upon which an attorney previously could have urged a state court to adopt the position that this Court has ultimately adopted. Consequently, the failure of a defendant's attorney to have pressed such a claim before a state court is sufficiently excusable to satisfy the cause requirement. Cases falling into the third category, however, present a more difficult question. Whether an attorney had a reasonable basis for pressing a claim challenging a practice that this Court has arguably sanctioned depends on how direct this Court's sanction of the prevailing practice had been, how well entrenched the practice was in the relevant jurisdiction at the time of defense counsel's failure to challenge it, and how strong the available support is from sources opposing the prevailing practice.

*Reed*, 468 U.S. at 17–18 (internal citations and quotations omitted). In his objections to the Recommendation, Mr. Jackson fails to identify any new constitutional rule that might apply to his case. Therefore, this Court concludes that *Reed* is not applicable.

Next, Mr. Jackson maintains that his sentencing proceeding suffered from a constitutional violation that resulted in conviction of one who is actually innocent, although he fails to point to any evidence to support his claim of actual innocence. The "actual innocence" gateway should open only when a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1936 (2013). Mr. Jackson has failed to support his claim of actual innocence with any evidence. His conclusory claim of actual innocence is not a sufficient reason for this Court to overlook the procedural bar to his claim.

Mr. Jackson, relying on *Blackledge*, maintains that post-plea contentions that are not wholly incredible should not be summarily dismissed. In *Blackledge*, the petitioner alleged that his plea was induced by an unkept promise. He proceeded to elaborate upon this claim with specific factual allegations. The petition indicated exactly what the terms of the promise were; when, where, and by whom the promise had been made; and the identity of one witness to its communication. The Court concluded that, in light of the nature of the record of the proceeding at which the guilty plea was accepted, and due to the ambiguous status of the process of plea bargaining at the time the guilty plea was made, the petition should not have been summarily dismissed. *Id*. at 77. Regarding the nature of the record of the proceeding, the *Blackledge* Court noted:

> No transcript of the proceeding was made. The only record was a standard printed form. There is no way of knowing whether the trial judge in any way

> deviated from or supplemented the text of the form. The record is silent as to what statements [the petitioner], his lawyer, or the prosecutor might have made regarding promised sentencing concessions. And there is no record at all of the sentencing hearing three days later, at which one of the participants might well have made a statement shedding light upon the veracity of the allegations [the petitioner] later advanced.
>
> The litany of form questions followed by the trial judge at arraignment nowhere indicated to [the petitioner] (or indeed to the lawyers involved) that plea bargaining was a legitimate practice that could be freely disclosed in open court. Neither lawyer was asked to disclose any agreement that had been reached, or sentencing recommendation that had been promised. The process thus did nothing to dispel a defendant's relief (sic) that any bargain struck must remain concealed a belief here allegedly reinforced by the admonition of [the petitioner]'s lawyer himself that disclosure could jeopardize the agreement.

*Blackledge*, 431 U.S. at 77. Here, Mr. Jackson has not alleged any unkept promise or other inducement that lead to his guilty plea. Therefore, this Court finds that *Blackledge* does not apply.

In his petition, Mr. Jackson contends that he has not been provided with a copy of the record in order to prepare his postconviction pleadings. The Arkansas Supreme Court has consistently held that a petitioner is not entitled to photocopying at public expense unless he or she demonstrates some compelling need for specific documentary evidence to support an allegation contained in a petition for postconviction relief. *Johnson v. State*, 2010 Ark. 15, at 2 (per curiam) (citing *Wright v. State*, 2009 Ark. 609 (per curiam); *Moore v. State*, 921 S.W.2d 606 (Ark. 1996); *Austin v. State*, 697 S.W.2d 914 (Ark. 1985)). In the same vein, the Arkansas Supreme Court has stated that an incarcerated person desiring a photocopy of material related to an appeal may write to the Arkansas Supreme Court, remit the photocopying fee, and request that the copy be mailed to the prison. *Id.* at 3. Therefore, this Court cannot say that Mr. Jackson's allegation that he was not provided with the record—absent any allegation that he has requested that record or has followed the proper procedure for obtaining the record and has been denied—is sufficient to excuse his failure to raise specific issues on appeal.

Therefore, this Court adopts the Recommendation in its entirety (Dkt. No. 23).  This case is dismissed with prejudice, and the relief requested is denied.  Mr. Jackson filed a document titled Letter Judicial Notice, in which he requests that this Court apply *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1293 (9th Cir. 2013), to his petition (Dkt. No. 25).  In *Ha Van Nguyen*, the Court of Appeals for the Ninth Circuit concluded that the standard for "cause" articulated in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), and reaffirmed in *Trevino v. Thaler*, 133 S.Ct. 1911 (2013), applies in a case where the underlying ineffective-assistance-of-counsel claim is against appellate counsel rather than trial counsel.  The Recommendation in this case takes into account the holdings of *Martinez* and *Trevino*.  Therefore, for the reasons states in the Recommendation, this Court determines that Mr. Jackson has not satisfied the standard for excusing a procedural default with regard to his ineffective-assistance-of-appellate-counsel claim.

Finally, pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order.  In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)–(2).  The Court finds that Mr. Jackson has not made a substantial showing of a denial of a constitutional right.  The Court denies a certificate of appealability.  A Judgment will be entered in accordance with this Order.

It is so ordered this 27th day of April, 2016.

                                          Kristine G. Baker
                                          United States District Court Judge